---

(Superior Court of Cincinnati.)
Special Term.
WILLIAM P. LEEDS v. JOHN B. PEASLEE et al.

A clerk of court is under no duty to either prepare, or pass upon the legal effect when prepared, of a bond for stay of execution; and hence he is not liable for damages should the bond prove insufficient to stay the execution. Such a bond, although left in the custody of the clerk, is the property of the defendant in error, and it is his right and duty to examine it with reference to its sufficiency to stay the execution.

---

DEMPSEY, J.
This is an action brought by the plaintiff on the official bond of John B. Peaslee, as clerk of the common pleas court of Hamilton county, to recover damages alleged to have been sustained by plaintiff, who was a party to an action in one of our courts to the judgment in which error was prosecuted, and wherein the said Peaslee is alleged to have taken a bond in stay of execution which was conditioned under subdivision 1 of section 6718, when it ought to have been conditioned under subdivision 3. The petition, after averring facts setting forth at large the above particulars, then alleges that said Peaslee, as such clerk, approved the bond as taken as sufficient in form and

law under the order of the court under which it was given, and duly filed the same, and entered upon the appearance docket of the court the following: "May 31. Minute 1408: Entry staying execution. Bond, $1,500; bond 1709, book 7, in $1,500 filed." It further alleges that plaintiff had no knowledge but what Peaslee had taken the bond as ordered by the court, nor but what he had acted in all respects in accordance with law and the order of the court, and believed he had so acted and taken the proper bond as ordered, and consequently did not issue an order of sale or execution upon the judgment by reason of such belief; and then goes on to aver the damage. The petition was met by a general demurrer.

The condition of the official bond of Mr. Peaslee, which forms the gist of this action, is that one which provides that he "shall faithfully and impartially discharge and perform all and singular the duties of his said office." Now, what were Mr. Peaslee's duties, as clerk, with regard to bonds given by way of supersedeas? Section 4965, Revised Statutes, provides that "the clerk of each of the courts shall exercise the powers conferred and perform the duties enjoined upon him by statute and by the common law; and in the performance of his duties, he shall be under the direction of the court."

By the common law there was no duty enjoined or power conferred upon the clerk with regard to supersedeas bonds, because at common law no such bond was required, the writ of error, if obtained and allowed before execution, suspending the execution till the error proceeding was determined. Stephen on Pleading, 142. To remedy evils arising from this method of procedure, it was provided by various statutes that, to stay the execution, bail in error should be given. Stephen on Pleading, 142, note L. This requisite was prescribed in Ohio from the beginning of the state, so that, in this respect, we must look to the provisions of our statutes to ascertain what the duties of the clerk are. What the nature of these duties are is to be found in sections 6718 and 6719. Revised Statutes. Section 6718 provides that "no proceeding to reverse, vacate or modify a judgment or final order * * * shall operate to stay execution, unless the clerk * * * take a written undertaking, to be executed on the part of the plaintiff in error to the adverse party, with sufficient surety, as follows:" and then follow various forms of conditions depending upon the character of the judgment sought to be reviewed. Section 6719 provides that "before the written undertaking mentioned in 6718 shall operate to stay execution, * * * the execution of the undertaking and the

sufficiency of the sureties must be approved by the court in which the judgment was rendered or order made, or by the clerk thereof; and the clerk shall indorse such approval, signed by himself, upon the undertaking, and file the same in his office for the defendant in error."

By section 6718 the only duty imposed upon the clerk, and that is done indirectly, is that he take, or, as used in the former statutes, shall take, that is, receive, accept, when tendered to him, in any particular case, a bond, executed as prescribed, and with the conditions appropriate to the judgment on which execution is sought to be stayed. In other words, when such a bond is tendered to him, it is compulsory upon him to accept it. There is nothing in the language of the statute which compels him to prepare the bond with its conditions, nor, even when prepared between the parties, to pass upon its construction

Now, suppose he does take a bond with wrong conditions for that particular case. No harm can be done to the defendant in error. The clerk has nothing to do with causing an execution either to issue or to be stayed. The initiative in neither case is to be taken by him. It is the judgment creditor, by his precipe, who causes an execution to issue, for the clerk is not bound to issue without precipe, and it is the judgment debtor, by his bond, who stays the execution. The precipe in one case starts the machinery in motion; the bond, on the other hand, stops the machinery. Once a proper bond is given, the hand of the clerk is stayed from issuing, or that of the sheriff from proceeding with, the execution. If the proper bond be not given, then the rights of the judgment creditor to have his execution issued or enforced are not interfered with. If the clerk, under a misapprehension of the effect of a bond tendered and accepted, decline to issue an execution, or recall one issued, the judgment creditor has his remedy, not only in his own right, to appeal to the court, but also under the concluding provisions of section 4965, which destroy any presumption that the clerk is to be the judge of what his duties are and how they are to be performed, for the provision is that "in the performance of his duties he shall be under the direction of his court."

The provisions of section 6719 do not alter or change the construction of 6719 in any particular. Section 6718 prescribes the nature and kind of a bond the clerk must take; section 6719 prescribes his duties as to the formalities, that is, that he shall see that such acts are done and forms observed as are required by law to make it the bond or deed of the party.

The present statute preserves the wording of the former statutes when a great many formalities were necessary to bonds, such as sealing, witnessing, etc. In addition, he must approve the financial ability of the sureties to respond to the penalty of the bond.

But the petition to eke out the cause of action makes the averments, quoted above, of the entry in the appearance docket, and the plaintiff's reliance upon his own belief that Mr. Peaslee had done his duty as to the bond, and consequently that no order of sale or execution was issued until the termination of the error case. The answer to this is that the plaintiff had, in law, no right to rely upon the effect of the entry upon the appearance docket, nor of the belief it created in his mind; it was neither the order of the court, for that under subdivision 3 only fixes the amount of the bond, nor the entry on the appearance docket, for that at the most could only be evidence that a bond was given that stayed the execution; but the bond itself, if properly conditioned, and executed, and with approved surety. The bond, under the statute, is filed for the defendant in error; it was his property, although the clerk was the custodian, and it was the defendant in error's right and duty to examine the bond to see if it was sufficient under the statute to stay the execution. It was as much a part of the case as any other paper in it. If plaintiff had examined the bond, he could have had it rectified or insisted upon his process. Not having examined it, and the clerk being under no duty to either prepare it or pass upon its legal effect when prepared, I fail to see how plaintiff can say that he rightfully relied upon it or upon the entry on the appearance docket, or upon the belief they inspired in him as to Mr. Peaslee's action.

In my judgment the demurrer ought to be sustained, and it will be so ordered.

Burch & Johnson, for Plaintiff.
Gideon C. Wilson, contra.